## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

JOE MYERESS,

               Plaintiff,

       v.

WPLG, LLC,

               Defendant.

CASE NO.: _____

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Joe Myeress ("Plaintiff"), through his undersigned counsel, Duane Morris LLP, brings suit against Defendant, WPLG, LLC ("Defendant"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1.　　This is a case of willful copyright infringement and false assertion of copyright management information in violation of 17 U.S.C. §§ 106(1), 501, and 1202.  Plaintiff seeks compensatory and statutory damages in an amount to be established at trial.

### PARTIES

2.　　Plaintiff is an international photographer who resides at 8370 Wingate Drive, Sarasota, Florida 34238.

3.　　Upon information and belief, defendant WPLG, LLC is a limited liability company duly organized and existing under the laws of Delaware.  Defendant's registered agent, The Corporation Trust Company, is located at Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.  Upon information and belief, Defendant has a principal place of business located at 3401 West Hallandale Beach Blvd., Pembroke Pines, FL 33023.

4.     At all times relevant to the claims asserted in this lawsuit, Defendant owned and/or operated a Twitter account and associated webpage located at the website address https://twitter.com/Local10Sports and used it to promote WPLG's commercial television station and related media operations.

## JURISDICTION AND VENUE

5.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338)(a) (jurisdiction over copyright actions).

6.     Personal jurisdiction over Defendant is proper because Defendant is a limited liability corporation organized under the laws of the State of Delaware.  Additionally, Defendant conducts business and has committed a tort in this District, including without limitation Defendant's copyright infringement, which causes harm in this state and in this District. Specifically, the copyright infringement underlying this lawsuit was committed through Defendant's online Twitter website, designed to be accessible and viewable anywhere and everywhere throughout the country (at a minimum), including to online viewers in this State.

7.     Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A.     Plaintiff's Business

8.     Plaintiff is a professional photographer residing in Florida, creating and licensing photographic images for various uses.  Plaintiff's artistic and professional style has garnered international attention and acclaim for his work.

9.    Plaintiff specializes in product, landscape, real estate, event, and travel photography.  He served as a United States Navy photographer, photographed Former President George W. Bush's Inauguration, and photographed the Summit at the White House between Former President George W. Bush and President Mikhail Gorbachev of the Soviet Union. Among the many stunning photographs he created, Plaintiff is the original author of a photographic image of the American Airlines Arena in Miami (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a copy of the original photographic image that is the Copyrighted Work.

10.    Plaintiff is the exclusive owner of the copyrights in and to the Copyrighted Work.

11.    On April 8, 2015, Plaintiff obtained a registration with the United States Copyright Office for the photographic work among other images.  Attached hereto as **Exhibit B** is a copy of the certificate for Registration Number VA 1-955-450 obtained from the United States Copyright Office; the Copyrighted Work is entitled "aaa_nite" in that registration.

12.    Plaintiff owns all rights, title, and interest, including copyrights, in and to the Copyrighted Work, including the exclusive rights to reproduce, display, and distribute the Copyrighted Work and to bring infringement claims arising out of the unauthorized reproduction, distribution and display of the Copyrighted Work.

**B.    Defendant's Unlawful Activities**

13.    Recently, Plaintiff discovered that Defendant was infringing Plaintiff's exclusive copyright in the Copyrighted Work.

14.    Specifically, Plaintiff discovered the Copyrighted Work being reproduced, distributed and/or publicly displayed, without Plaintiff's authorization, at website URL: https://twitter.com/Local10Sports.

15.     A copy of the screenshot taken by Plaintiff of the Defendant's infringing reproduction, distribution and public display of the Copyrighted Work is attached hereto as **Exhibit C**.

16.     Defendant's unauthorized reproduction, distribution, and public display of the Copyrighted Work as appearing on Defendant's website shall be referred to hereinafter as the "Infringing Work."

17.     Defendant created and used the Infringing Work for the commercial purposes of promoting WPLG's commercial television station and related media operations to the public and profiting from the revenue generated by attracting viewers to its Twitter account and webpage. Defendant sought out and profited from the Infringing Work, with the intention of not paying the Plaintiff for a license or other permission to reproduce, display, distribute or otherwise use his Copyrighted Work.

18.     Upon information and belief, Defendant is very sophisticated media company that understands the business and legal considerations relating to the creation and protection of copyrighted material and the value associated with maintaining exclusive control over the use, display and distribution of copyrighted material.

19.     Upon information and belief, the Defendant is aware that images it may find on the internet are owned by either the original photographer or its assignee or exclusive licensee, and that Defendant may not simply appropriate photographs found on the internet for its own commercial use without paying compensation to the owners of those copyrights.

20.     Upon information and belief, the Defendant creates and seeks to protect its own copyrighted material and does not freely permit everyone who locate material authored or owned

by the Defendant by means of an internet search to then copy and use that material for their own commercial benefit without requesting permission from the Defendant.

21.     In or around August 2017, Plaintiff notified the Defendant in writing of his copyright in the Copyrighted Work, and demanded that Defendant pay a license fee for the unauthorized use of the Copyrighted Work in the Defendant's infringing work.  In response, Defendant removed the Infringing Work from public display on its Twitter page, but refused to respond at that time to Plaintiff's demand for payment of a license fee and did not agree to cease any further infringement of the Copyrighted Work.

22.     Plaintiff was then forced to engage an attorney to serve another letter on Defendant (dated September 19, 2017) demanding Defendant's agreement to cease any current or future infringement of Plaintiff's Copyrighted Work and compensation for Defendant's unauthorized use of the Copyrighted Work.  Defendant again refused to pay compensation for its unauthorized use of Plaintiff's Copyrighted Work and failed to unconditionally agree to cease all future use the Copyrighted Work.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## (17 U.S.C. § 101 *et seq.*)

23.     Plaintiff realleges paragraphs 1 through 22 above and incorporates them by reference as if fully set forth herein.

24.     The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Plaintiff owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

25.     As a result of Plaintiff's reproduction, distribution and public display of the Copyrighted Work, Plaintiff is informed and believes Defendant had access to the Copyrighted Work prior to its creation and use of the Infringing Work.

26.     By its actions set forth above, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. §501, including through the reproduction of the Copyrighted Work without permission and the distribution and public display of the Infringing Work.

27.     Defendant's infringement of Plaintiff's exclusive copyrights has been willful and deliberate and Defendant sought to profit from the commercial use of the Infringing Work without paying a reasonable license fee or royalty to Plaintiff.

28.     As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights in the Copyrighted Work, Plaintiff is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work, and in addition, Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits connected to its uses of the Infringing Work, pursuant to 17 U.S.C. § 504(b).

29.     In the alternative, and at Plaintiff's election, Plaintiff is entitled to an award of statutory damages, up to a maximum amount of $150,000.00, as a result of Defendant's willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000.00 if Defendant's infringement is determined not to have been willful, pursuant to 17 U.S.C. § 504(c).

30.     Plaintiff is entitled to an award of his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

31.     Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by this Court.  Plaintiff has no

adequate remedy at law.   Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent

injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**(17 U.S.C. § 1202)**

32.     Plaintiff realleges paragraphs 1 through 22 above and incorporates them by

reference as if fully set forth herein.

33.     The digital copy of the Copyrighted Work displayed and offered for license on

Plaintiff's website contains Plaintiff's Copyright Management Information displayed on the

image itself and in the metadata embedded in the image.   On information and belief, Defendant

has intentionally removed, or caused to be removed, Plaintiff's Copyright Management

Information altering or removing the Plaintiff's information from the metadata embedded in the

Copyrighted Work before displaying and distributing the Infringing Work on Defendant's Twitter

page.

34.     Upon information and belief, Defendant's infringing display of the Copyrighted

Work superimposed its own trademark logo over the Copyrighted Work thereby falsely ascribing

copyright ownership to WPLG with the purpose and effect of masking its copyright infringement.

35.     Defendant's actions constitute a willful and deliberate violation of the Digital

Millennium Copyright Act, 17 U.S.C. § 1202(a).

36.     By reason of Defendant's violation of the Digital Millennium Copyright Act,

Plaintiff has suffered damages and is entitled to recover its actual damages and disgorge any

additional profits of the Defendant attributable to the violations, pursuant to 17 U.S.C.

§ 1202(c)(2).   Alternatively, and at Plaintiff's sole discretion exercised any time prior to entry of

final judgment, Plaintiff is entitled to recover statutory damages in an amount between $2,500 and

$25,000 per violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B).

37.     Should Defendant renew its display and distribution of the Infringing Work, Plaintiff will suffer irreparable harm and Plaintiff will be without an adequate remedy at law. Plaintiff is therefore entitled to an injunction, in accordance with 17 U.S.C. § 1203(b), restraining Defendant, its officers, directors, agents, employees, representatives, assigns, and all persons acting in concert with Defendant from engaging in further violations of the Digital Millennium Copyright Act.

38.     Plaintiff is entitled to recover costs and attorneys' fees in accordance with 17 U.S.C. § 1203(b)(4) and (5).

WHEREFORE, Plaintiff demands judgment as follows:

1.     A declaration that Defendant has infringed Plaintiff's exclusive rights in the Copyrighted Work under the Copyright Act;

2.     A declaration that Defendant's infringement has been willful;

3.     An award of such of actual damages caused by, and disgorgement of Defendant's profits in connection with, Defendant's copyright infringement under 17 U.S.C. § 504(b) in amounts to be determined at trial, or, at Plaintiff's election, an award of statutory damages under 17 U.S.C. § 504(c)(2) in an amount to be determined at trial up to a maximum of $150,000, based on Defendant's willful infringement of the Copyrighted Work, or an amount to be determined at trial up to a maximum of $30,000, should the Defendant's infringement be determined to be non-willful, pursuant to 17 U.S.C. § 504(c)(1);

4.     A declaration that Defendant has willfully and intentionally violated the Digital Millennium Copyright Act;

5.      Awarding Plaintiff its actual damages and disgorgement of all non-duplicative gains, profits, property and advantages obtained or derived by Defendant from its acts of violations of the Digital Millennium Copyright Act or, in lieu thereof and at Plaintiff's discretion to elect, statutory damages in an amount the Court shall deem proper between a minimum of $2,500 and a maximum of $25,000 for each violation of the Digital Millennium Copyright Act, pursuant to 17 U.S.C. § 1203(c)(3)(B);

6.      An award of Plaintiff's costs and expenses incurred in this action to enforce its copyrights in the Copyrighted Work, including reasonable attorneys' fees, as provided in 17 U.S.C. § 505 and 15 U.S.C. § 1117;

7.      An award of interest, including pre-judgment interest, on all damages awarded;

8.      Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly, indirectly or contributorily infringing Plaintiff's exclusive copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from Plaintiff's Copyrighted Work or to participate or assist in any such activity;

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work and Infringing Work; and

(c) directly or indirectly removing, altering or falsifying any Copyright Management Information associated with the Copyrighted Work as displayed and held out for license by the Plaintiff.

9.    For such other and further relief as the Court may deem just and proper.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: October 18, 2017                    Respectfully Submitted,

**DUANE MORRIS LLP**

<u>/s/ *Oderah C. Nwaeze*          </u>
Oderah C. Nwaeze (#5697)
222 Delaware Avenue, Suite 1600
Wilmington, Delaware 19801
Tel: (302) 657-4900
Fax: (302) 657-4901
onwaeze@duanemorris.com

*Counsel for Plaintiff Joe Myeress*